NOT FOR PUBLICATION                                                                    (Docket No. 4)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY and WILLIAM J. EINHORN, *Administrator*, | |
| Plaintiffs, | Civil No. 09-3479 (RBK/KMW) |
| v. | **OPINION** |
| TRANSWORLD PORT AND DISTRIBUTION SERVICES, INC. and TRANSWORLD DIVERSIFIED SERVICES, INC., | |
| Defendants. | |

**KUGLER**, United States District Judge:

This dispute arises out of an alleged failure to pay withdrawal liability. Presently before the Court is the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants TransWorld Port and Distribution Services, Inc. and TransWorld Diversified Services, Inc. (Docket No. 4). Because the Court finds that Plaintiffs have stated a plausible claim for relief, the Motion is denied.

**I.    BACKGROUND**

The follwing is taken from the Complaint and assumed true.

Teamsters Pension Trust Fund of Philadelphia and Vicinity (the Fund) is a multiemployer plan and an employee benefit plan under the Employee Retirement Income Security Act, 29

1

U.S.C. § 1001 et seq.  William Einhorn is the administrator of the Fund.  TransWorld Port is seemingly a contributing employer to the Fund, while TransWorld Diversified is a "control group" under common control with TransWorld Port.

On February 13, 2009, the Fund determined that TransWorld Port and TransWorld Diversified had withdrawn from the Fund, and the Fund demanded payment via a letter signed by Einhorn.  See Compl., Ex. 1.  The letter demanded $376,969.19 pursuant to the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. § 1381 et seq., and included an attached detailed calculation of liability.  Id.  The Fund, via Einhorn, sent a second letter on June 22, 2009 declaring a "default" and demanding prompt payment.  Compl., Ex. 2.  The Fund never received payment.

Thus, on July 14, 2009, the Fund and Einhorn filed a three count Complaint in this Court, attaching as exhibits the February 13 and June 22 letters.[1]  Count One ("Collection") seeks "withdrawal liability" pursuant to the MPPAA.  Count Two ("Future Payments") seeks declaratory judgment and injunctive relief for future payments.  Finally, Count Three ("Collection on Default") seeks an entry of default judgment against Defendants under the MPPAA for failure to cure the default.  Defendants filed their Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 17, 2009.  Plaintiffs timely responded.

## II.   STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure

---

[1] In considering a motion to dismiss, a court generally may not consider matters "extraneous to the pleadings."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  However, a court may consider a "'document *integral to or expressly relied* upon in the complaint'" without converting the motion to dismiss to a summary judgment motion.  Id.

to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

**III. DISCUSSION**

Defendants chiefly argue that the Complaint fails to show that Defendants actually owe the sums alleged. Def. br. at 4. They argue that the Complaint largely states legal conclusions, and the few facts that it does allege do not show plausible liability. Id. Plaintiffs respond that the Complaint contains sufficient facts to infer liability. Pl. br. at 7. The Court agrees.

In brief, Congress enacted the MPPAA "out of concern that multiemployer pension plans

would collapse as employers withdrew if the remaining contributors became too few in number to pay the unfunded vested benefits." Galgay v. Beaverbrook Coal Co., 105 F.3d 137, 139 (3d Cir. 1997); see also Einhorn v. J & S, Inc., 577 F. Supp. 2d 752, 759-60 (D.N.J. 2008). Thus, under the MPPAA, an employer who withdraws (completely or partially) from a multiemployer plan is liable to the plan in an amount determined pursuant to statute. 29 U.S.C. § 1381(a). This liability is known as "withdrawal liability." See SUPERVALU, Inc. v. Bd. of Trustees of the Sw. Pa. & W. Md. Area Teamsters & Employers Pension Fund, 500 F.3d 334, 336 (3d Cir. 2007). Under the MPPAA, a plan sponsor is required to notify a withdrawing employer of the amount of liability and the schedule for repayment, and to demand payment. 29 U.S.C. § 1399(b); Einhorn, 577 F. Supp. 2d at 760. The statute requires payment upon notification of withdrawal liability, whether or not the employer chooses to dispute it. Galgay, 105 F.3d at 139. An employer who fails to make the withdrawal liability payment within the statutorily prescribed time is subject to suit to compel payment. 29 U.S.C. § 1451(b); Galgay, 105 F.3d at 139. In such a suit, a plan sponsor "need *only show* that it made a demand for interim payments under 29 U.S.C. § 1382 and that payments were not made." Id. (emphasis added).

  Under the Galgay standard, Plaintiffs' Complaint alleges enough facts to show a plausible claim for relief. As even Defendants agree, the Complaint alleges that Plaintiffs sent a demand letter with the requisite information, and Defendants never paid. Compare Def. br. at 4, with Compl. at ¶¶ 10, 11, Ex. 1, 2. While the Complaint cannot be accused of being overly-descriptive, it does contain sufficient facts to put Defendants on notice of what the claim against them is (an MPPAA violation), and does show that the claim is perhaps viable (an amount owed is alleged, and a lack of payment is alleged). That is all that Federal Rule of Civil Procedure 8

requires.  Therefore, the Court denies Defendants' Motion.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.  An appropriate Order shall follow.


Date: 4-26-2010                                              /s/ Robert B. Kugler
                                                                                          ROBERT B. KUGLER
                                                                                          United States District Judge