NOT FOR PUBLICATION (Docket No. 10)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY and WILLIAM J. EINHORN, *Administrator*, | : : : : |
| Plaintiffs, | : Civil No. 09-3479 (RBK/KMW) |
| v. | : **OPINION** |
| TRANSWORLD PORT AND DISTRIBUTION SERVICES, INC. and TRANSWORLD DIVERSIFIED SERVICES, INC., | : : : : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by Plaintiffs Teamsters Pension Trust Fund of Philadelphia and Vicinity (the "Fund") and William J. Einhorn to dismiss Defendant TransWorld Diversified Services, Inc.'s ("TransWorld") counterclaim for declaratory judgment pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint brings claims under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1381 et seq., for withdrawal liability, declaratory and injunctive relief for future payments, and a default judgment against Defendant for failure to cure default payments. Defendant brought a counterclaim for a declaratory judgment pursuant to Federal Rule of Civil Procedure 57.

1

Defendant argues that it is entitled to a declaration that it is not an "employer" under the MPPAA.  Plaintiffs argue that Defendant's counterclaim must be dismissed as redundant because a final adjudication on the merits of its MPPAA claims will render Defendant's counterclaim moot.  For the reasons expressed below, Plaintiffs' motion to dismiss is denied.

I.      BACKGROUND[1]

The Fund is a multiemployer plan and an employee benefit plan under the Employee Retirement Income Security Act, 29 U.S.C. § 1002 et seq.  William Einhorn is the administrator of the Fund.  TransWorld Port and Distribution Services, Inc. ("TransWorld Port") is seemingly a contributing employer to the Fund. (Compl., at 2 ¶ 6.)  TransWorld is a Florida corporation.  TransWorld alleges that it does not conduct any trade or business, and that it is merely an investment vehicle for its owner or owners.

On February 13, 2009, the Fund determined that TransWorld had withdrawn improperly from the Fund, and the Fund demanded payment via a letter signed by Mr. Einhorn. (Compl., Ex. 1.)  The letter demanded $376,969.19 pursuant to the MPPAA, and included an attached detailed calculation of liability. (Id.)  The Fund, via Mr. Einhorn, sent a second letter on June 22, 2009 declaring a "default" and demanding prompt payment. (Compl., Ex. 2.)  The Fund alleges that it never received payment.

On July 14, 2009, the Fund and Mr. Einhorn filed a three-count Complaint in this Court against TransWorld.  Count One seeks "withdrawal liability" pursuant to the MPPAA.  Count Two seeks a declaratory judgment and injunctive relief for future payments.  Count Three seeks

---

[1] The facts below are taken from Defendant's Answer, Affirmative Defenses and Counterclaim unless otherwise noted.

an entry of default judgment against Defendant under the MPPAA for failure to cure the alleged default.  The Complaint also alleges that TransWorld is "engaged in a trade or business under common control with [TransWorld Port and Distribution Services, Inc.] within the meaning of 29 U.S.C. 1301(b)."  (Doc. No. 1, at ¶ 7.)

According to TransWorld, 29 U.S.C. § 1301(b) provides in relevant part:

> For purposes of this subchapter, under regulations prescribed by the corporation, all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer.  The regulations prescribed under the preceding sentence shall be consistent and coextensive with regulations prescribed for similar purposes by the Secretary of the Treasury under section 414(c) of Title 26.

TransWorld alleges that in order for an activity to be "trade or business" under 29 U.S.C. § 1301(b), a person or entity "must engage in the activity:  (1) for the primary purpose of income or profit; and (2) with continuity and regularity."  (Ans., Aff. Defenses, and Countercl., at 5) (citing Comm'r of Internal Revenue v. Groethzinger, 480 U.S. 23, 35 (1987)).  TransWorld further alleges that "this test is set forth to distinguish trades and businesses from investments, which are not trades or businesses under 29 U.S.C. § 1301(b)."  (Id.)

Thus, on May 10, 2010, TransWorld filed a counterclaim seeking a declaration that it is not an "employer" under the MPPAA, and therefore it is not liable to the Fund or Mr. Einhorn for any alleged withdrawal liability.  The parties submitted their respective briefs and the motion is now ripe for review.

**II.     STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure

to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

### III. DISCUSSION

#### A. The MPPAA

Congress enacted the MPPAA "out of concern that multiemployer pension plans could collapse as employers withdrew if the remaining contributors became too few in number to pay the unfunded vested benefits." Galgay v. Beaverbrook Coal Co., 105 F.3d 137, 139 (3d Cir. 1997). See also Einhorn v. J & S, Inc., 577 F. Supp. 2d, 752, 759-60 (D.N.J. 2008). Thus, under

the MPPAA, an employer who withdraws (completely or partially) from a multiemployer plan is liable to the plan in an amount determined pursuant to statute. 29 U.S.C. § 1391(a). This liability is known as "withdrawal liability." See SUPERVALU, Inc. v. Bd. of Trustees of the Sw. Pa. & W. Md. Area Teamsters & Emp'rs Pension Fund, 500 F.3d 334, 336 (3d Cir. 2007). Under the MPPAA, a plan sponsor is required to notify a withdrawing employer of the amount of liability and the schedule for repayment, and to demand payment. 29 U.S.C. § 1399(b); Einhorn, 577 F. Supp. 2d at 760. The statute requires payment upon notification of withdrawal liability, whether or not the employer chooses to dispute it. Galgay, 105 F.3d at 139. An employer who fails to make the withdrawal liability payment within the statutorily prescribed time period is subject to suit to compel payment. 29 U.S.C. § 1451(b); Galgay, 105 F.3d at 139. In such a suit, a plan sponsor "need only show that it made a demand for interim payments under 29 U.S.C. § 1382 and that payments were not made." Id.

### B. Defendant's Crossclaim for Declaratory Judgment

In the Third Circuit, a court may dismiss a defendant's counterclaim for declaratory relief "where there is a 'complete identity of factual and legal issues' between the parties' respective requests for relief." Aldens, Inc. v. Packel, 524 F.2d 38, 51-52 (3d Cir. 1975); Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust, 674 F. Supp. 2d 562, 566 (D. Del. 2009). However, the "complete identity of factual and legal issues between the complaint and the counterclaim" must be clear. Univ. Patents, Inc. v. Kligman, Civ. A. Nos. 89-3525, 90-0422, 1991 WL 165071, at *1 (E.D. Pa. Aug. 23, 1991) (citing Aldens, 524 F.2d at 51-52). Moreover, the court should "only dismiss such a counterclaim . . . when there is no doubt that it will be rendered moot by adjudication of the main action." Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Trust, No.

09-cv-0063, 2010 WL 1993675, at *2 (D. Del. May 18, 2010) (citing <u>Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust</u>, 674 F. Supp. 2d 562, 566 (D. Del. Dec. 11, 2009)).

Plaintiffs argue that Defendant's declaratory judgment counterclaim "is a claim directed at the allegations in the Complaint against [TransWorld]." In effect, Plaintiffs argue that because they must prove that TransWorld is a control group member under 29 U.S.C. § 1301(b) in order to recover payment under 29 U.S.C. §§ 1382 and 1399, once their claim is adjudicated on the merits, Defendant's counterclaim will be moot. Defendant argues that its counterclaim for declaratory relief is not redundant because it is unclear, at least at this stage in the litigation, whether the Court's determination that Plaintiffs are entitled to relief will render the declaratory judgment unnecessary.

This Court finds that Defendant's counterclaim for a declaration that it is not an "employer" under the MPPAA should not be dismissed for the following reasons. First, Defendant's counterclaim is not redundant because it is unclear whether an adjudication of Plaintiffs' claim for relief on the merits will render Defendant's claim for declaratory relief moot. Here, Plaintiffs seek a determination that they are entitled to payment under the MPPAA because Defendant allegedly withdrew from the Fund within the meaning of 29 U.S.C. § 1383(a) or 29 U.S.C. § 1385. Defendant seeks declaration that it is not an "employer" under the MPPAA. Plaintiffs note, and this Court agrees, that the Court must determine whether Defendant is an "employer" under the MPPAA in order to <u>grant</u> Plaintiffs relief. However, should the Court determine that Plaintiffs are <u>not</u> entitled to relief under the MPPAA, the Court need not decide whether Defendant is an "employer" to reach that conclusion. Therefore, because the Court may deny Plaintiffs relief without deciding whether Defendant is an "employer" under the MPPAA,

adjudication of Plaintiffs' claim will not render Defendant's claim for declaratory relief moot.[2]

Second, because the legal and factual issues concerning Plaintiffs' request for payment of the withdrawal liability and Defendant's request for a declaration that it is not an "employer" under the MPPAA are not identical, Defendant's counterclaim should not be dismissed. Counts I, II, and III of the Complaint center on Plaintiffs' allegation that Defendant must pay the full amount of withdrawal liability under the MPPAA. Defendant requests a declaration that it is not an employer under the MPPAA. Although, in essence, both parties ask this Court to determine whether Defendant is obligated to pay the full amount of withdrawal liability under the MPPAA, each party seeks a different declaration to support that end. Put simply, a declaration that Defendant is not subject to the provisions of the MPPAA is different than a declaration that Plaintiffs are entitled to withdrawal liability payments.

This case is similar to ProCentury Ins. Co. v. Harbor House Club Condo. Assoc., Inc., 652 F. Supp. 2d 552 (D.N.J. 2009). In ProCentury, the plaintiff condominium developer entered into a contract with the defendant insurer to insure a wharf and a pier. Id. at 554. After the parties signed the policy, a storm damaged the wharf and the pier. Id. After the storm, the plaintiff submitted a claim under its insurance policy. Id. The defendant denied the plaintiff's claim and returned the premium, arguing that the plaintiff materially misrepresented the risk to be insured in its initial disclosures, and filed a lawsuit for a declaratory judgment that the

---

[2] Cf. ProCentury Ins. Co. v. Harbor House Club Condo. Assoc., Inc., 652 F. Supp. 2d 552, 556-57 (D.N.J. 2009) ("[I]n instances where the declaratory relief is based on contract interpretation, courts are reluctant to dismiss a counterclaim for declaratory relief . . . because 'a ruling adverse to the plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically follow from that judgment that defendants' interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless they specifically requested one.'") (citing Principal Life Ins. Co., 674 F. Supp. 2d at 566 (quoting Iron Mountain Sec. Storage Corp. v. Am. Specialty Foods, Inc., 457 F. Supp. 1158, 1162 (E.D. Pa. 1978))).

insurance policy was rescinded or void <u>ab initio</u> and that the plaintiff's claim was properly denied. <u>Id.</u> The plaintiff then filed a counterclaim seeking a declaration that the defendant was obligated to pay its claim pursuant to the terms of the policy, and a counterclaim for breach of the duty of good faith and fair dealing. <u>Id.</u> The Court held that the defendant's counterclaim for declaratory relief was not redundant because although both parties asked the Court "to determine whether [the defendant was] obligated to pay under the policy," each party sought a different declaration to support that result. <u>Id</u>. at 557. The Court further noted that "[a] declaration that ProCentury properly rescinded the policy is different from a declaration that payment is due under the policy." <u>Id.</u>

 In this case, both parties ask the Court to determine whether Defendant is obligated to pay the withdrawal liability fees. However, like the parties in <u>ProCentury</u>, who sought different declarations from the Court to protect their respective interests, here, Defendant and Plaintiffs each seek different forms of relief. Defendant seeks a declaration that it is not an employer under the MPPAA. Plaintiffs seek a determination that Defendant is obligated to pay the withdrawal liability. The declaratory relief Plaintiffs seek may hinge on a different legal issue than the relief sought by Defendant. Moreover, this case is similar to <u>ProCentury</u> because, here, in order to determine that Defendant is entitled to declaratory relief, the Court must find that Plaintiffs are not entitled to relief. Likewise, in <u>ProCentury</u>, in order to determine that the defendant was entitled to a declaration that it was entitled to payment under the policy, the court would have to determine that the plaintiff failed to properly rescind the contract.

 Therefore, because adjudication of Plaintiffs' claims on the merits might not render Defendant's request for declaratory relief moot, and the legal and factual issues surrounding the

parties' respective requests for relief are not identical, Plaintiffs' motion to dismiss Defendant's counterclaim for declaratory relief is denied.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to dismiss Defendant's counterclaim for a declaratory judgment is denied. An appropriate order shall issue today.

Dated: 10-25-2010                                                                  /s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge